## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22589-CIV-MOORE/SIMONTON

BROWN BARK III, L.P.,

      Plaintiff,

vs.

JOSE EDUARDO COFRESI TORRES,
LUCIENE COFRESI, THE COFRESI GROUP,
CORP., and 4770 BISCAYNE
CONDOMINIUM ASSOCIATION, INC.,

      Defendants.

_____/

## ORDER DENYING MOTION TO QUASH SERVICE AND SET ASIDE DEFAULT AND GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR FINAL DEFAULT JUDGMENT

THIS CAUSE came before the Court upon Defendant The Cofresi Group, Corp.'s Motion to Quash Service and Set Aside Default (dkt # 15) and Plaintiff Brown Bark II, L.P.'s Cross-Motion for Judgment on the Pleadings and/or Final Default Judgment (dkt #16). Defendant 4770 Biscayne Condominium Association, Inc. filed a Response (dkt # 19) to Plaintiff's Cross-Motion. Plaintiff filed a Reply (dkt # 20).

UPON CONSIDERATION of the Motion, Plaintiff's Cross Motion, Response, Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## I.      BACKGROUND

Plaintiff, Brown Bark III, L.P. ("Brown Bark"), brought this action for foreclosure of a note

and mortgage and breach of a negotiable instrument.[1]  On July 21, 2006, Defendants Jose Eduardo

Cofresi Torres and Luciene Cofresi (the "Cofresi Defendants") executed and delivered a Note to

Wachovia Bank, National Association ("Wachovia Bank"), for $310,800.00.  (Am. Compl. Ex. A.)

The Note was secured as a first lien Mortgage by collateral, namely commercial real property known

as 4770 Biscayne Blvd., Suite 1450, Miami, Florida 33137 (the "Property").  (Am. Compl. Ex. B.)

The Property is described as follows:

> Condominium Unit No. 1450 of 4770 Biscayne, a Condominium,
> according to the Declaration of Condominium thereof, as recorded in
> Official Records Book 24679, at Page 2726 through 2805, of the Public
> Records of Miami-Date County, Florida, together with an undivided
> interest in the common elements appurtenant thereto.

(Am. Compl. ¶ 8.)  The Note and Mortgage were personally guaranteed by Defendant The Cofresi

Group, Corp. ("Cofresi Group").  (Am. Compl. Ex. D.)  The Cofresi Defendants are the sole officers

of Cofresi Group and Luciene Cofresi is Cofresi Group's registered agent.  Brown Bark is the holder

of the Note and Mortgage per an Assignment from Wachovia Bank.  (Am. Compl. Ex. C.)

On October 24, 2007, Cofresi Group executed and delivered a Business Line Agreement (the

"Agreement") for $50,000.00.  (Am. Compl. Ex. E.)  On May 28, 2009, Wachovia Bank assigned the

Agreement to Brown Bark.  (Am. Compl. Ex. F.)  The Agreement was personally guaranteed by

Defendant Jose Eduardo Cofresi Torres.  (Am. Compl. Ex. G.)  The Cofresi Defendants and Cofresi

Group failed to make scheduled installment payments under the above Note and Agreement, in

which they are in default.  Brown Bark accelerated payment of the balance on the Note and

Agreement, of which the Cofresi Defendants and Cofresi Group were provided with notice.

On August 31, 2009, Brown Bark filed the instant Complaint (dkt # 1) for foreclosure under

---

[1]The following facts are taken from Brown Bark's Amended Complaint (dkt # 9).

2

the Note and Mortgage and judgment on the Agreement. On September 1, 2009, Brown Bark served

the Cofresi Defendants and Cofresi Group with a Summons and Complaint (dkt #'s 5, 6, 7). Brown

Bark filed an Amended Complaint on September 8, 2009 (dkt # 9), which it served upon all parties

on the same day. On September 18, 2009, Defendant 4770 Biscayne Condominium Association

("4770 Biscayne"), the condominium association that governs the building in which the Property is

located, filed an Answer to Brown Bark's Amended Complaint (dkt # 10). 4770 Biscayne's Answer

did not contest the relief requested by Brown Bark, but asserted that 4770 Biscayne was entitled to

one percent of the mortgage debt upon a foreclosure sale of the Property and attorneys' fees

associated with this action. The Cofresi Defendants and Cofresi Group failed to respond to either the

original Complaint or the Amended Complaint, and the Clerk entered a default (dkt # 13) against the

Cofresi Defendants and Cofresi Group on September 24, 2009.

**II.     ANALYSIS**

      <u>A.</u>     <u>Motion to Quash Service and Set Aside Default</u>

Cofresi Group filed the instant Motion arguing that Brown Bark's service of the original

Complaint was deficient and that Brown Bark never served it with the Amended Complaint. The

Cofresi Defendants do not contest Brown Bark's service of the original Complaint. While the

individual Cofresi Defendants have not formally joined the instant Motion, the Motion does present

arguments on their behalf in regards to Brown Bark's service of the Amended Complaint and the

Court will address such arguments.

           1.     Motion to Quash Service

                  a.     Service of Original Complaint on Cofresi Group

Federal Rule of Civil Procedure 4(h)(1) governs service upon a defendant corporation within

3

a judicial district of the United States.  Rule 4(h)(1) provides that a corporation must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process or -- if the agent is one authorized by statute and the statute so requires -- by also mailing a copy of each to the defendant

Rule 4(h)(1)(A) provides that a plaintiff may serve a corporation in the manner prescribed by Rule 4(e)(1) which allows service pursuant to "the law of the state in which the district court is located . . . ." Fed. R. Civ. P. 4(h)(1)(A).  Under Florida law, service of process upon a corporation is governed by § 48.081, Florida Statutes.  Section 48.081 provides, in pertinent part, that "[i]f the address provided for the registered agent, officer, director, or principal place of business is a residence or private mailbox, service on the corporation may be made . . . in accordance with § 48.031." § 48.081, Fla. Stat.  Section 48.031 governs the general service procedures for serving process on an individual and provides that service may be made by leaving copies of the complaint at the residence with any person "residing therein who is 15 years of age or older and informing the person of their contents." § 48.031, Fla. Stat.

Defendant Luciene Cofresi is Cofresi Group's registered agent.  Her registered agent address, which is the same residential address as the Cofresi Defendants, is 7500 Coquina Drive, North Bay Village, Florida 33141.  The Cofresi Defendants are the sole officers of Cofresi Group.  Brown Bark served process on the Cofresi Defendants and Cofresi Group on September 1, 2009, at the 7500 Coquina Drive address, by delivering three copies of the Summons and Complaint (one for each Defendant) to Haydee Torrres, a co-resident and mother-in-law of Defendant Luciene Cofresi, and

4

informing her of the contents therein. (Summons dkt #'s 5, 6, 7.) Cofresi Group's registered agent, Defendant Luciene Cofresi, utilizes a residential address and, therefore, such service was proper pursuant to § 48.081 and § 48.031.

> b.  Service of Amended Complaint on the Cofresi Defendants and Cofresi Group

Under Rule 15(a), a plaintiff may file an amended complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). As a general rule, an amended complaint supersedes an original complaint unless the amended complaint specifically refers to or adopts the original complaint. Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982). Brown Bark's Amended Complaint does not specifically refer to or adopt its original Complaint and, therefore, supersedes its original Complaint. Under Rule 5, a pleading filed after the original complaint may be served upon all parties by mailing the pleading to the person's last known address and service is complete upon such mailing. Fed. R. Civ. P. 5(a)(B); Fed. R. Civ. P. 5(b)(2)(C).

Brown Bark filed a Certificate of Service along with its Amended Complaint stating that service was made via U.S. First Class Mail to the Cofresi Defendants at 7500 Coquina Drive, North Bay Village, Florida 33134, and to Cofresi Group at 4770 Biscayne Boulevard, Suit 1450, Miami, Florida 33137. (Am. Compl. at 8.) The Cofresi Defendants argue that they never received the Amended Complaint. Cofresi Group argues that the Amended Complaint was mailed to an incorrect address because it was different from the address at which the original Complaint was served upon Cofresi Group. These arguments, however, are misguided. Rule 5(b)(2)(C) states that service is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C). The Cofresi Defendants do not dispute that

5

Brown Bark mailed its Amended Complaint to their last known addresses. Moreover, Cofresi Group does not dispute that Brown Bark's Amended Complaint was mailed to the 4770 Biscayne Boulevard address, Cofresi Group's last known business address. Rule 5 does not specify whether the "last known address" must be a residential address or a business address. "In the absence of any limiting language," Rule 5 may be read to include either address. O'Callaghan v. Sifre, 242 F.R.D. 69, 74 n.5 (S.D.N.Y. 2007). Accordingly, Brown Bark properly served the Cofresi Defendants and Cofresi Group with its Amended Complaint.

        2.     Motion to Set Aside Default

The Cofresi Defendants and Cofresi Group have failed to respond to either the original Complaint or the Amended Complaint and are, therefore, in default. A motion to set aside a clerk's entry of default is made pursuant to Federal Rule of Civil Procedure 55(c). Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c). In determining whether to set aside a clerk's entry of default, relevant factors to be considered are: (1) whether the default is culpable or willful, (2) whether setting aside default would prejudice the adversary, and (3) whether the defaulting party presents a meritorious defense. Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).

Invalid service of process is the only reason the Cofresi Defendants and Cofresi Group have provided to justify setting aside the entry of default. Service of process was, however, properly made upon the Cofresi Defendants and Cofresi Group. On notice of this cause of action, the Cofresi Defendants and Cofresi Group failed to respond to either the original Complaint or the Amended Complaint and have provided no justification for their failure to do so. Defendants have also failed

6

to present any semblance of a meritorious defense.  While all that is required is a "'hint of suggestion' that [the] case has merit," the Cofresi Defendants and Cofresi Group have failed to meet that minimal standard.  Griffin IT Media, Inc. v. Intelligentz Corp., No. 07-80535-CIV-MARRA, 2008 WL 162754, at *3 (S.D. Fla. Jan. 16, 2008) (quoting Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969)).  Finally, Brown Bark has shown that any delay in granting foreclosure relief may result in prejudice based on the continuing devaluation of the Property in the Florida real estate market.  This prejudice is especially acute where the Cofresi Defendants and Cofresi Group have failed to present any semblance of a meritorious defense and, as discussed below, Brown Bark is entitled to judgment on the Note and Mortgage and Agreement.

B.      Brown Bark's Cross-Motion for Final Default Judgment and/or Judgment on the Pleadings

Brown Bark has moved for final default judgment and/or judgment on the pleadings against the Cofresi Defendants and Cofresi Group.  As the Cofresi Defendants and Cofresi Group were properly served and have failed to provide good cause to set aside the Clerk's Entry of Default, final default judgment may be entered against the Cofresi Defendants and Cofresi Group.  Brown Bark has requested: (1) final judgment and decree of foreclosure and sale under Note and Mortgage; and (2) final judgment against Defendant Jose Eduardo Cofresi Torres and Cofresi Group for sums due and owing under the Agreement.

1.      Final Judgment and Decree of Foreclosure Under Note and Mortgage

This Court has diversity jurisdiction over the Parties pursuant to 28 U.S.C. § 1332.  Brown Bark is a citizen of Delaware, the state in which it is incorporated, and Texas, its principal place of business.  28 U.S.C. 1332(c) (stating a corporation is a citizen of both the state where it is

7

incorporated and the state where it has its principal place of business). Cofresi Defendants, Cofresi

Group, and 4770 Biscayne are Florida citizens. The Property value exceeds $75,000 and, therefore,

the amount in controversy requirement is met. In equitable actions, the amount in controversy is

measured by the value of the object of the litigation. Ericsson v. Motorola Commc'ns & Elecs., Inc.,

120 F.3d 216, 218 (11th Cir. 1997). The Note and Mortgage Brown Bark seeks to enforce is in the

amount of an outstanding balance of $286,051.88. (Def. Mot. Ex. 1 ¶ 7.)

The well-pleaded allegations made in Brown Bark's Amended Complaint are deemed to have

been admitted by the Cofresi Defendants and Cofresi Group by virtue of their default. Cotton v.

Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005) (citations omitted). In a diversity

case, a federal court must apply substantive state law. Flintkote Co. v. Dravo Corp, 678 F.2d 942,

945 (11th Cir. 1982). Under Florida law, "[a]ll attacks upon [a financial instrument], or the debt it

represents, must be made by way of affirmative defenses as to which the burden of proof is on the

defense." Haycook v. Ostman, 397 So. 2d 743, 744 (Fla. 1st Dist. Ct. App. 1981). By virtue of their

default, the Cofresi Defendants and Cofresi Group have waived their affirmative defenses to the

Note and the debt it represents. Moreover, Brown Bark has established that the Cofresi Defendants

and Cofresi Group are in default on the Note and Mortgage and are indebted to Brown Bark in the

principal sum of $286,051.88, plus interest upon the principal accruing at the rate of 7.25% from

August 21, 2008, the date of last payment, through the date of judgment, plus other charges of

$2,570.47 for such default. (Def. Mot. Ex. 1 ¶ 7.)

Brown Bark's Assignment of the Note and Mortgage entitles it to enforcement. (Am. Compl.

Ex. C.) The Note and Mortgage were signed and executed by the Cofresi Defendants and were

guaranteed by Cofresi Group. As per the executed Mortgage, the Note was secured by the Property,

8

recorded at O.R. Book 24770, Page 3086, Public Records of Miami-Dade County Florida. The Note

states in pertinent part:

> **REMEDIES UPON DEFAULT.** If a Default occurs under this Note
> . . . Bank may at any time thereafter, take the following actions: **Bank
> Lien.** Foreclose its security interest or lien against Borrower's accounts
> without notice. **Acceleration upon Default**. Accelerate the maturity of
> this Note . . . whereupon this Note . . . shall be immediately due and
> payable.

(Am. Compl. Ex. A at 3.) The Cofresi Defendants are in default on the Note, and therefore, Brown

Bark is entitled to accelerate the balance due and foreclose its security interest, the Property. (Def.

Mot. Ex. 1.) "[W]here a term of a contract is clear and unambiguous or only one logical

interpretation consistent with the intent of the parties exists, the court must give the contract that

meaning." Zimmerman v. Olympus Fid. Trust, LLC, 936 So. 2d 652, 655 (Fla. 4th Dist. Ct. App.

2008) (citation omitted). An acceleration clause in a mortgage confers a right upon the note or

mortgage holder which it may elect to enforce upon default through a foreclosure action. David v.

Sun Fed. Savings & Loan Ass'n, 461 So. 2d 93 (Fla. 1984). As holder of the Note and Mortgage,

Brown Bark has standing to foreclose. Philogene v. ABN Amro Mortg. Group, Inc., 948 So. 2d 45,

46 (Fla. 4th Dist. Ct. App. 2007). Brown Bark has joined the legal titleholder to the Property, the

Cofresi Defendants, and Brown Bark's interest is superior to that of the owner of record. English v.

Bankers Trust Co. of Cal., N.A., 895 So. 2d 1120 (Fla. 1st Dist. Ct. App. 2005). Brown Bark's lien

is also superior to any subsequent claims and liens attaching to the Property. Nat'l Loan Investors,

L.P. v. Burgher, 742 So. 2d 406, 407 (Fla. 4th Dist. Ct. App. 1999) (holding the recording of a

mortgage gives notice thereof to all concerned, and gives it priority over all liens accruing

thereafter). Accordingly, Brown Bark has the right to enforce a default on the Note and Mortgage

through a foreclosure action.

          2.      Business Line Agreement

Brown Bark also requests that this Court exercise supplemental jurisdiction over its claim to enforce the $50,000 Agreement executed by Cofresi Group, assigned to Brown Bark, and guaranteed by Defendant Jose Eduardo Cofresi Torres. (Am. Compl. Ex's E, F, G.) Pursuant to 28 U.S.C. § 1367(a), a federal court may exercise supplemental jurisdiction over a state law claim that fails to meet the amount in controversy requirement when the claims "are so related to the claims in the action . . . that they form part of the same case or controversy under Art. III of the United States Constitution." 28 U.S.C. § 1367(a). A state claim can form part of the "same case or controversy" when it arises "out of a common nucleus of operative fact with a substantial federal claim." Lucero v. Trosch, 121 F.3d 591, 597 (11th Cir. 1997). The Agreement involves a transaction between the same parties as the Note and Mortgage and the Assignment of the Agreement to Brown Bark incorporated all assets in connection with the Assignment of the Note and Mortgage. Therefore, the Agreement shares a "common nucleus of operative fact" with the mortgage transaction and the Court will exercise supplemental jurisdiction over Brown Bark's claim for enforcement of the Agreement.

Brown Bark seeks a judgment against Jose Eduardo Cofresi Torres and Cofresi Group for all sums due under the Agreement. The Guarantee executed by Defendant Jose Eduardo Cofresi Torres states that upon a default in payment, "Bank may at its option fully accelerate all of the obligations . . . guaranteed hereby, and the same at Bank's option shall be immediately due and payable without notice." (Am. Compl. Ex. 7 ¶ 22.) Cofresi Group has defaulted on its payments and therefore, Brown Bark is entitled to accelerate the outstanding balance of the Agreement. Brown Bark is entitled to judgment for the outstanding balance of $49,929.03, plus interest upon the principal,

accruing at the rate of 5.60%, prime plus 2.35%, from November 21, 2008, the date of last payment, through the date of judgment, plus other charges of $50.55. (Def. Mot. Ex. 1 ¶ 10.)

    C.    <u>4770 Biscayne's Request for One Percent of Original Mortgage Debt and Reasonable Attorneys' Fees</u>

4770 Biscayne asserts in both its Answer to Brown Bark's Amended Complaint and its Response to Plaintiff's Cross-Motion, that if this Court grants Brown Bark's request for foreclosure, 4770 Biscayne is entitled to recover from the purchaser of the Property, one (1) percent of the original mortgage debt and reasonable attorneys' fees incurred in this action, pursuant to § 718.116(1)(b) and § 718.116(6)(a), Florida Statutes.

    1.    Request for One Percent of Mortgage Debt

Section 718.116(1)(b), Florida Statutes, provides:

> (b) The liability of a first mortgagee or its successor or assignees who acquire title to a unit by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due prior to the mortgagee's acquisition of title is limited to the lesser of:
>
> > 1. The unit's unpaid common expenses and regular periodic assessments which accrued or came due during the 6 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or
> >
> > 2. One percent of the original mortgage debt. The provisions of this paragraph apply only if the first mortgagee joined the association as a defendant in the foreclosure action. Joinder of the association is not required if, on the date the complaint is filed, the association was dissolved or did not maintain an office or agent for service of process at a location which was known to or reasonably discoverable by the mortgagee.

The Cofresi Defendants owe 4770 Biscayne $3,565.40 in unpaid assessments. (4770 Biscayne's Response Ex. 1.) Brown Bark argues that 4770 Biscayne's claim under § 718.116(1)(b)

is premature. Brown Bark contends that under Section 718.116(1)(b), 4770 Biscayne is entitled to recover the lesser of either the unpaid assessments or one percent of the original mortgage debt only after "the first mortgagee or its successor or assignees . . . acquire title . . . by foreclosure or by deed . . . ." § 718.116(1)(b), Fla. Stat. Additionally, Brown Bark contends that, pursuant to § 718.116(1)(c), the person acquiring title shall pay the amount owed to the association within thirty days after the transfer of title, and therefore, 4770 Biscayne's claim is premature because Brown Bark has not yet acquired title. § 718.116(1)(c), Fla. Stat. 4770 Biscayne, however, has not requested immediate payment under § 718.116(1)(b), nor has 4700 Biscayne requested its payment solely from Brown Bark. 4770 Biscayne has, instead, requested that this Court order, in its Final Judgment, that "within 30 days after Plaintiff and/or purchaser's acquisition of title to the Property at the foreclosure sale, Plaintiff and/or purchaser is required to pay [4770 Biscayne] one percent of the original mortgage debt ($3,108.00) . . . ." (4770 Biscayne's Response at 3.) 4770 Biscayne has shown, and Brown Bark has conceded, that 4770 Biscayne is entitled to one percent of the original mortgage debt. Accordingly, 4770 Biscayne's request is in accordance with § 718.116(1)(b) and § 718.116(1)(c), Florida Statutes.

        2.     Request for Attorney's Fees

4770 Biscayne has also requested, pursuant to § 718.116(6)(a), reasonable attorney's fees it has incurred in the instant action. Section 718.116(6)(a) states that: "The association may bring an action in its name to foreclose a lien for assessments . . . and may bring an action to recovery money judgment for the unpaid assessments [and] is entitled to recover its reasonable attorney's fees incurred in either [action]." § 718.116(6)(a), Fla. Stat. This section applies only when an association itself brings a lien foreclosure action or an action to recover a money judgment for unpaid

12

assessments. Brown Bark brought the instant action, not 4770 Biscyane, who is a Defendant. Accordingly, 4770 Biscayne is not entitled to recover its attorney's fees associated with the instant action.

## III. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendants' Motion to Quash Service of Process and Set Aside Default (dkt # 15) is DENIED. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion for Judgment on the Pleadings and/or Default Final Judgment (dkt # 16) is GRANTED. It is further

ORDERED AND ADJUDGED that Defendant 4770 Biscayne's request that Brown Bark and/or purchaser pay 4770 Biscayne $3,108.00 (one percent of the original mortgage debt) within 30 days after Plaintiff and/or purchaser's acquisition of title to the Property at the foreclosure sale is GRANTED and its request for attorney's fees is DENIED. It is further

ORDERED AND ADJUDGED that Brown Bark shall file a proposed order for final judgment within ten (10) days from the date of this Order, and shall submit same to the Court via email in Word Perfect Format. The Clerk of the Court is instructed to Administratively CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 4th day of ~~December, 2009~~ January, 2010

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     All counsel of record